UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gayle W. Brown,<br><br>    Plaintiff,<br><br>    v.<br><br>Simpson Strong-Tie Company, Inc., et al.,<br><br>    Defendants. | No. 2:19-cv-01921-KJM-AC<br><br>ORDER |

In this employment discrimination case, plaintiff Gayle Brown moves to file a fourth amended complaint with a third cause of action for hostile work environment based on racial discrimination, harassment, and retaliation, as well as new prayers for relief. *See* Mot., ECF No. 53. A jury trial is set for June 28, 2022. *See* ECF No. 48. For the reasons below, the motion is **denied without leave to amend**.

**I.  LEGAL STANDARD**

When a party seeks to amend its complaint after a Rule 16 scheduling order has been issued, as is the case here, the court must first consider whether to amend that scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also Johnson v. St. Mary*, No. 06-0508, 2007 WL 1100507, at *1 (E.D. Cal. Apr. 11, 2007) ("applying *Johnson [v. Mammoth Recreations]*, . . . once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, a motion to amend the pleadings is governed first by Rule

1

1  16(b), and only secondarily by Rule 15(a)."), *findings and recommendations adopted*,
2  2007 WL 1365400 (E.D. Cal. May 9, 2007).  Under Rule 16(b)(4), a movant must demonstrate
3  "good cause" to amend a scheduling order. *Mammoth*, 975 F.2d at 608.  "The 'good cause'
4  standard 'focuses on the diligence of the party seeking amendment.'" *St. Mary*,
5  2007 WL 1100507, at *1.  "Relevant inquiries [into diligence] include: whether the movant was
6  diligent in helping the court to create a workable Rule 16 order; whether matters that were not,
7  and could not have been, foreseeable at the time of the scheduling conference caused the need for
8  amendment; and whether the movant was diligent in seeking amendment once the need to amend
9  became apparent." *Id*.

10        If a party shows good cause to amend the scheduling order, it must next show the
11  complaint may be amended under Rule 15.  *See Mammoth*, 975 F.2d at 608.  Rule 15(a)(2)
12  provides, "The court should freely give [leave to amend] when justice so requires," and the Ninth
13  Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil*
14  *Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  When a court considers a motion to amend, it "must be
15  guided by the underlying purpose of Rule 15—to facilitate decisions on the merits rather than on
16  the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.
17  1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  But a district court
18  may deny a request for leave to amend if the amendment would cause the opposing party undue
19  prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue
20  delay. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).
21  Of these factors, prejudice is the focus. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,
22  1052 (9th Cir. 2003).  Although new claims can impose an "acute threat of prejudice," that threat
23  is minimal when the case "is still at the discovery stage with no trial date pending." *See DCD*
24  *Programs*, 833 F.2d at 187–88.  The party opposing a request to amend "bears the burden of
25  showing prejudice." *Id*. at 187.

26  **II.    ANALYSIS**

27        Although plaintiff does not mention Rule 16 or the "good cause" standard, the court
28  construes the motion as including a request to amend the scheduling order.  *See Mammoth*,

975 F.2d at 608–09 ("[S]ome courts have considered a motion to amend the complaint as a motion to amend the scheduling order . . . . We see no reason to deviate from that approach . . . ."). Plaintiff notes that "defendant[s] first raised the issue of a matter not ple[d] in their in limine motions that were filed January 21, 2022." MPA at 2, ECF No. 53-1. Whether and when defendants raised an issue not pled is irrelevant to whether plaintiff was "diligent" in seeking amendment once the need became apparent. Plaintiff was aware of the allegations necessary to support a claim for hostile work environment based on racial discrimination, harassment, and retaliation no later than the time he filed his third amended complaint. In short, it was "foreseeable" when plaintiff filed his most recent complaint that he should seek to assert this claim. *St. Mary*, 2007 WL 1100507, at *1. The Ninth Circuit has often affirmed district court orders denying motions to amend the pleadings when, as in this case, the moving party has not adequately explained why it did not move to amend sooner. *See, e.g.*, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Adding a claim is also likely to add to more pretrial litigation and delays when the case is set for trial in just a few months. *See* ECF No. 48. In these circumstances, the court cannot excuse unnecessary delays. "Scheduling orders 'are the heart of case management,' and are intended to alleviate case management problems." *Boparai v. Shinseki*, No. 09-01164, 2010 WL 4738125, at *1 (E.D. Cal. Nov. 16, 2010) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)). As the Ninth Circuit emphasized more than thirty years ago in *Mammoth*, they cannot be disregarded. 975 F.2d at 610. Since then, given the heavy caseloads within this district, the importance of the Rule 16 scheduling order has only grown. *Smith v. Henry's Holdings, LLC*, No. 21-01030, 2022 WL 229855, at *2 (E.D. Cal. Jan. 26, 2022). Plaintiff has not shown good cause to amend the scheduling order to permit new claims against defendant, so its motion to add those claims is denied.

Finally, even if plaintiff satisfied Rule 16's "good cause" standard, amendment would not be appropriate under Rule 15(a). As noted, the court has issued a final pretrial order, ECF No. 51,

and the case is set for trial, ECF No. 48, and thus adding a claim as plaintiff requests would risk causing undue delay, *Cafasso, U.S. ex rel.*, 637 F.3d at 1058, and pose an acute threat of prejudice to defendant, *DCD Programs*, 833 F.2d at 187–88.

### III. CONCLUSION

For the reasons outlined above, the court **denies the motion to amend.**

This order resolves ECF No. 53.

IT IS SO ORDERED.

DATED: March 31, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE