UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gayle W. Brown, | No. 2:19-cv-01921-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Simpson Strong-Tie Company, Inc., | |
| Defendant. | |

The court conducted a final pretrial conference in this employment discrimination case on February 11, 2022. *See* Final Pretrial Order, ECF No. 51. At the final pretrial conference, the parties requested that the court hear motions *in limine* on an advanced briefing and hearing schedule, and the court did so on April 15, 2022. *See* ECF No. 63. The court denied without prejudice defendant's fourth, fifth, and sixth motions *in limine*; granted defendant's ninth motion *in limine*; and ordered the parties to meet and confer to narrow their dispute regarding defendant's eighth motion *in limine*. *Id.* The court resolves defendant's four remaining motions *in limine* here.

**I.    DEFENDANT'S FIRST, SECOND, AND THIRD MOTIONS**

Defendant's second motion *in limine* seeks to exclude any claim, evidence, testimony, or argument regarding claims not properly pled in the operative complaint. ECF No. 32. Defendant argues this includes plaintiff's hostile work environment claim. *Id.* While the court denied

plaintiff's eleventh-hour motion to file a fourth amended complaint, *see* Mot. for Leave to Amend Third Amended Complaint, ECF No. 53, it did so primarily on the grounds that plaintiff did not cite the applicable rule, Rule 16, *see* Order at 2–3, ECF No. 55.  Amendment is also unnecessary because the court previously construed plaintiff's third amended complaint to include a claim for hostile work environment.  *See* Am. Order Den. Def.'s Mot. for Summ. J., ECF No. 28 at 6–8. Indeed, plaintiff's third amended complaint discusses "hostile work environment" in four places, thus satisfying the requirement to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011) ("plaintiffs in federal court are not required to plead with precision legal theories").  Accordingly, the court **denies defendant's second motion *in limine***.

Defendant's first and third motions *in limine* involve evidence plaintiff wants to introduce at trial that may support a hostile work environment claim.  *See* ECF Nos. 31, 33.  Because the court has found plaintiff pled a hostile work environment claim, it **denies without prejudice defendant's first and third motions *in limine***.

## II. DEFENDANT'S SEVENTH MOTION

Defendant's seventh motion seeks to exclude any evidence regarding Johnny Miles' termination or other "me too" evidence.  ECF No. 37.  Defendant argues that courts "routinely prohibit witnesses unrelated to the plaintiff's case from offering such 'me too' evidence," citing *Goff v. Continental Oil Co.*, 678 F.2d 593 (5th Cir. 1982), *overruled on other grounds, Carter v. South Cent. Bell*, 912 F.2d 832 (5th Cir. 1990) and *Haskell v. Kaman Corp.*, 743 F. 2d 113 (2d Cir. 1984).  ECF No. 37 at 2–3.  Therefore, defendant concludes, "testimony by, or about, other company employees who were allegedly subjected to discrimination by [defendant] should be excluded as irrelevant under Rule 402." *Id.* at 3.

However, the Ninth Circuit has held that in discrimination and retaliation cases plaintiffs may rely upon comparisons with "similarly situated employees" if the comparison supports an inference that retaliation was the motive.  *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *see also Heyne v. Carruso*, 69 F.3d 1475, 1481 (9th Cir.1995) (reversing

trial court's decision to preclude "me too" evidence from other employees harassed by defendant, because evidence was probative of defendant's motive for firing plaintiff). Even whether evidence of "discrimination by other supervisors is relevant . . . is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The Eleventh Circuit has held that "me too" evidence is admissible under Rule 404(b) "to prove the intent of [an employer] to discriminate and retaliate," *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008); *see also Demers v. Adams Homes of Northwest Florida, Inc.*, 321 F. App'x 847, 853–854 (11th Cir. 2009), and under Rule 402, "as relevant to [employee's] claim of hostile work environment" and whether an employer's "antidiscrimination and antiretaliation policies . . . were effective," *id.* at 1236–37.

Here, the court has insufficient information before it to determine whether the "me too" testimony or evidence Johnny Miles or other employees would offer is relevant and should thus be admitted. Accordingly, the court **denies the motion without prejudice to specific objections at trial**, which may be lodged after a detailed proffer outside the presence of the jury.

## III.   CONCLUSION

The court denies defendant's second motion. The court denies defendant's first, third, and seventh motions without prejudice to specific objections at trial. This order resolves ECF Nos. 31, 32, 33, and 37.

IT IS SO ORDERED.

DATED: May 16, 2022.

CHIEF UNITED STATES DISTRICT JUDGE