UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gayle W. Brown,<br><br>                     Plaintiff,<br><br>        v.<br><br>Simpson Strong-Tie Co., Inc. et al.,<br><br>                     Defendants. | No. 2:19-cv-01921-KJM-AC<br><br>ORDER |

      In preparation for trial, defendants submitted the parties' joint witness list and estimated length of witness examinations on June 14, 2022, ECF No. 83.  Plaintiff and defendants provide vastly different estimated lengths of time needed for trial; plaintiff estimates a total of 65 hours of time is needed while defendants ask for 25 hours.  *Id*.  Having reviewed the record and based on the parties' information regarding the witnesses and issues to be covered at trial, the court orders that each side will try its case within a time limit of **17.5 hours**, including opening statements and closing arguments as well as direct and cross examination time, to take place across approximately seven days of trial.  The court will exclude any time spent on voir dire and lengthy argument regarding objections, as well as recesses, from this limit.

      District courts may impose reasonable time limits on a trial "to prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996); *see also* Fed. R. Civ. P. 16(c)(2)(O) (listing time limits as a proper topic for

pretrial conference). "[D]istrict courts should not exercise this discretion as a matter of course … Rather, a district court should impose time limits only when necessary, after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3rd Cir. 1995). Here, to avoid wasting time and unnecessary presentation of excess evidence, the court finds that time limits are necessary and reasonable. Plaintiff's suggested 65 hours of trial would be abnormally burdensome on a jury and the court for an individual employment discrimination case. *Cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (finding an eight-hour time limit to be reasonable in a disability discrimination trial); *Raynor v. G4S Secure Sols. (USA), Inc.*, 805 F. App'x 170, 178–79 (4th Cir. 2020) (finding 15-hour time limit in a race discrimination trial reasonable). The 35-hour trial length the court imposes here is a reasonable compromise, falling between each side's estimated time. *See Monotype Corp. v. Int'l Typeface Corp.* 43 F.3d 443, 451 (9th Cir. 1994) (finding court's time limit reasonable, although it provided significantly less time than parties' estimated times). Imposing time limits and then allowing each party to manage its presentation of evidence is preferable to the court's micromanaging trial by restricting the number of witnesses or the time each witness will be allowed. *See Enright v. Auto-Owners Ins*. Co., 2 F. Supp. 2d 1072, 1074 (N.D. Ind. 1998) ("It is for the parties, and not the court, to make the determination about which witnesses are truly necessary and, in addition, how much of each witness' testimony is necessary.").

    For the reasons reviewed above, the court orders each side will try its case within the reasonable time limit of **17.5 hours, with trial taking place across approximately seven court days.**

    IT IS SO ORDERED.

DATED: June 21, 2022.

CHIEF UNITED STATES DISTRICT JUDGE