UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gayle W. Brown, | No. 2:19-cv-01921-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Simpson Strong-Tie Co., Inc., et al., | |
| Defendants. | |

This matter is before the court on defendants' motion to bifurcate and to exclude evidence. Mot., ECF No. 92. Specifically, defendants seek to bifurcate the jury trial on the issue of punitive damages and to exclude evidence regarding the financial condition of defendant Simpson Strong-Tie Company (Simpson). According to defendants, the motions are unopposed. *Id.* at 1. For the reasons below, the motions are **denied without prejudice.**

The court denies defendants' motion to bifurcate. Federal Rule of Civil Procedure 42(b) permits the separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). On the one hand, the rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zenith Ins. Co. v. Old Republic Ins. Co.*, 2017 WL 2861130, at *1 (N.D. Cal. July 5, 2017) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). But courts are reluctant to

1

bifurcate proceedings where there is an overlap of factual issues between the claims. *Hunter v. City & Cty. of San Francisco*, 2012 WL 4831634, at *10 (N.D. Cal. 2012). "The party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." *Aoki v. Gilbert*, 2015 WL 5734626, at *4 (E.D. Cal. Sept. 29, 2015).

Defendants argue potential prejudice would arise if the jury is asked to decide liability during the same phase during which the jury determines whether punitive damages should be awarded and if so in what amount. Mot. at 3. The court finds bifurcation would be inefficient and wasteful given that the issues of liability and punitive damages share some common questions of law and fact, with both turning on whether defendants exhibited racial bias. *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (finding evidence of racially discriminatory conduct to be relevant on both issues of liability and punitive damages in Title VII cases). Moreover, defendants argue only in broad strokes that they will suffer prejudice, without providing any details regarding Simpson's financial condition. On this record, any concerns about potential prejudice may be addressed by an appropriate jury instruction and verdict form. *See Hamm v. Am. Home. Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995).

The court also denies defendants' motion to exclude. Defendants argue Simpson's financial condition is irrelevant to the issue of plaintiff's liability under Federal Rules of Evidence 402. Mot. at 4. They further argue potential prejudice arising from the jury's exposure to Simpson's financial condition outweighs the information's probative value under Federal Rule of Evidence 403. *Id*. For the same reasons the court declines to bifurcate trial, the relevance of Simpson's financial condition to the issue of punitive damages outweighs potential prejudice. *See TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) (holding evidence of financial condition is "typically considered in assessing punitive damages"). Here again, an appropriate jury instruction and well-crafted verdict form can alleviate potential prejudice to defendants.

The court **denies without prejudice** defendants' motions. Defendants may propose a limiting instruction for the court's consideration on the first day of trial.

/////

1       This order resolves ECF No. 92.

2       IT IS SO ORDERED.

3 DATED: June 23, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE