UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Gayle W. Brown,

        Plaintiff,

    v.

Simpson Strong-Tie Company, Inc.,

        Defendant.

No.  2:19-CV-1921 KJM AC

<u>FINAL JURY INSTRUCTIONS</u>

DATED:  July 12, 2022

CHIEF UNITED STATES DISTRICT JUDGE

1

**NO. 1: DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  You, and you alone, are the judges of the facts.  You must decide what the facts are and then apply those facts to the law which I will give to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NO. 2: NO BIAS**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

**NO. 3: FAIR TREATMENT**

All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

1

**NO. 4: EVIDENCE**

2    You should not necessarily decide any issue of fact in favor of the side that brought more

3 witnesses or evidence at trial.

4    The test is which evidence convinces you because it is most believable.

5    In deciding contested issues, you should keep in mind who has the burden of proof on that

6 issue.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NO. 5: WHAT IS AND IS NOT EVIDENCE

2

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits

3 received into evidence.  In reaching your verdict, you may consider only the testimony and

4 exhibits received into evidence.

5

Certain things are not evidence, and you may not consider them in deciding what the facts

6 are. I will list them for you:

7

(1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not

8 witnesses.  What the attorneys have said in their opening statements, or in their closing arguments

9 and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the

10 facts as you remember them differ from the way they have stated them, your memory of them

11 controls.

12

(2)  Questions and objections by counsel are not evidence.  You should not be influenced

13 by an objection or by the court's ruling on it.

14

(3)  Testimony that has been excluded or stricken, or that you have been instructed to

15 disregard, is not evidence and must not be considered.

16

(4)  Anything you may have seen or heard when the court was not in session is not

17 evidence.  You are to decide the case solely on the evidence received at the trial.

18

19

20

21

22

23

24

25

26

27

28

**NO. 6: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

# NO. 7: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**NO. 8: LIMITED EVIDENCE**

Some evidence may be admitted for a limited purpose only.  During this trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered for that limited purpose and for no other.

# NO. 9: LAY WITNESSES

Several lay witnesses testified about their opinions during the trial.  You may, but are not required to accept those opinions.  You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

## NO. 10: COURT CONFERENCES WITH COUNSEL

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by extending a break or calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## NO. 11: PREPONDERANCE OF THE EVIDENCE

In general, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence."  Plaintiff has the burden of proof on his claims.  Defendant has the burden of proof on its affirmative defenses.

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

I will instruct you about the burden of proof in connection with the specific claims and affirmative defenses.

1

**NO. 12: CONSIDERING CLAIMS, GENERALLY**

2

In this case, plaintiff is Gayle W. "Gil" Brown.  Defendant is Simpson Strong-Tie

3

Company, Inc.  Plaintiff has brought several different legal claims against defendant.

4

Each of plaintiff's claims is entitled to your separate consideration.  That is, you must

5

decide independently as to each claim whether plaintiff is entitled to recover and, if so, the

6

amount.

7

That plaintiff may be entitled to your verdict on one claim does not mean that he is

8

necessarily entitled to recover on another claim.

9

On the other hand, that plaintiff does not gain a verdict on one claim does not prevent

10

your awarding a verdict on another claim.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1

**NO. 13: PLAINTIFF'S CLAIMS**

2

In this civil suit, plaintiff brings three claims.  These claims are for:

3

1. Disparate treatment based on his race

4

2. Retaliation

5

3. Hostile work environment

6

These claims are described in the following instructions.  Each claim involves a distinct

7

set of elements.  Although the claims may have some elements in common, you should consider

8

each claim individually.  Plaintiff can succeed on any one claim only if he proves all of the

9

elements of that claim.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NO. 14: CLAIMS NOT AT ISSUE**

2     There is no claim related to either injury or disability and neither Mr. Miles nor

3 Mr. Medrano are parties in this case.  For example, the jury heard testimony concerning the labor

4 arbitration of Mr. Miles' termination.  You cannot consider the arbitration of Mr. Miles to find

5 liability in this different case brought by plaintiff.  There are also no claims for breach or

6 violation of a collective bargaining agreement, or violation of the Injury & Illness Prevention

7 Program or the laws stated therein.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 15: DISPARATE TREATMENT BASED ON RACE**

For plaintiff's disparate treatment claim based on race, plaintiff has the burden of proving that defendant intentionally discriminated against plaintiff.  To prevail on this claim, plaintiff must prove the following elements by a preponderance of the evidence:

1.   Plaintiff was subjected to an adverse employment action;

2.   Defendant's adverse employment action was because of plaintiff's race; and

3.   Similarly situated individuals outside plaintiff's race were treated more favorably.

If you find that plaintiff has proved all three elements above, your verdict on this claim should be for plaintiff.  If, however, plaintiff has not proved any elements above, your verdict should be for defendant.

1  **NO. 15.1: Definition of "Adverse Employment Action" In Disparate Treatment Case**

2  "Adverse employment action" as used in Instruction No. 15 must materially affect the

3  compensation, terms, conditions, or privileges of a person's employment.

1

**NO. 15.2: Definition of "Because Of"**

2       "Because of" as used in Instruction No. 15 means "by reason of" or "on account of."  This

3   is sometimes referred to as "but-for" causation.  This form of causation is shown whenever a

4   particular outcome would not have happened "but for" the purported cause.  It is a reason without

5   which the adverse employment action would not have occurred.

6       In the context of this claim, a defendant cannot avoid liability just by citing some other

7   factor that contributed to the challenged employment decision.  So long as the plaintiff's race was

8   one but-for cause of that decision, that is enough to trigger the law.  A "but-for cause" does not

9   mean the sole cause or even a primary cause.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NO. 16: RETALIATION**

Plaintiff seeks damages against defendant for retaliation.  Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   Plaintiff opposed a practice of defendant that he had a reasonable good faith belief was an unlawful discriminatory practice;

2.   Defendant subjected plaintiff to an adverse employment action; and

3.   Plaintiff was subjected to an adverse employment action because of his opposition to defendant's unlawful discriminatory practice.

Plaintiff is "subjected to an adverse employment action" because of his opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.  "Because of" as used in 3. above has the same meaning as defined in Instruction No. 15.2.

If you find that plaintiff has proved all three elements above, your verdict on this claim should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any elements above, your verdict should be for defendant.

**NO. 16.1: Definition of "Adverse Employment Action" in Retaliation Case**

"Adverse employment action" as used in Instruction No. 16 means that plaintiff must show the alleged retaliatory activity was reasonably likely to deter employees from engaging in protected activity, namely opposing discrimination.

20

## NO. 17: HOSTILE WORK ENVIRONMENT, GENERALLY

In this case, plaintiff claims that defendant intentionally subjected plaintiff to a racially hostile workplace environment.  In seeking to prove this claim he relies on two separate theories: (1) Hostile Work Environment Caused by Supervisor and (2) Hostile Work Environment Caused by Co-Worker.  Instructions on these theories follow.

## NO. 18: HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR

Plaintiff claims that he was subjected to a racially hostile work environment by plant superintendent Anthony "Tony" Cervantez.  To succeed on this theory, plaintiff must prove the following six elements by a preponderance of the evidence:

1. Mr. Cervantez was plaintiff's supervisor.  A supervisor is someone who can affect the conditions of plaintiff's employment.  By this I mean someone who has the power to transfer or significantly change plaintiff's benefits;

2. Plaintiff was subjected to harassment or intimidation by Mr. Cervantez;

3. The conduct was unwelcome;

4. The conduct occurred because of plaintiff's race;

5. The conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find his work environment to be hostile or abusive; and

6. At the time the conduct occurred, plaintiff Mr. Brown believed that the conduct made his work environment hostile or abusive.

If plaintiff did not prove all six elements, your verdict on this theory must be for defendant.

If, however, you find that plaintiff has proved all six elements, you must consider whether plaintiff can prove one additional fact: that Mr. Cervantez's conduct caused a "tangible employment action," as defined in Instruction No. 18.1 below, against plaintiff.

If so, your verdict on this theory must be for plaintiff.

If not, you must next consider whether defendant has proved two elements to you by a preponderance of the evidence:

1.      Defendant exercised reasonable care to prevent and promptly correct the racially harassing behavior, and

2.      Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

22

If you find that defendant has proved these two elements by a preponderance of the evidence, your verdict on this theory should be for defendant.  If you find that defendant has not proved both of these elements, your verdict on this theory should be for plaintiff.

**NO. 18.1: Definition of "Tangible Employment Action"**

"Tangible employment action" as used in Instruction No. 18 requires an official act of the enterprise, a company act.  A tangible employment action consists of a significant change in employment status, such as reassignment with significantly different responsibilities or a decision causing a significant change in benefits.

## NO. 19: HOSTILE WORK ENVIRONMENT CAUSED BY CO-WORKER

Plaintiff claims that he was subjected to a racially hostile work environment by his co-worker Angel Medrano.  To succeed on this theory, plaintiff must prove the following seven elements by a preponderance of the evidence:

1. Plaintiff was subjected to verbal or physical harassment by Mr. Medrano;

2. The conduct was unwelcome;

3. The conduct occurred because of plaintiff's race;

4. The conduct was sufficiently severe or pervasive that a reasonable person in plaintiff's position would find plaintiff's work environment to be hostile or abusive;

5. At the time the conduct occurred, plaintiff believed that the conduct made his work environment hostile or abusive;

6. Defendant knew or should have known about the conduct; and

7. Defendant did not take reasonable steps to correct the situation or prevent harassment from recurring.

If you find that plaintiff has proved all seven elements above by a preponderance of the evidence, you must find for plaintiff on this theory.  If, however, plaintiff did not prove each of the elements above, you must find for defendant on this theory.

**NO. 20: STATUTE OF LIMITATIONS**

Defendant asserts as an affirmative defense to each of plaintiff's claims that the conduct underlying plaintiff's claims is barred by the statute of limitations.

The law requires a plaintiff to file suit for any act of discrimination, retaliation, or harassment against him within four years after the alleged act occurred.  Plaintiff filed this action on January 8, 2019.  Therefore, plaintiff may not recover for acts of discrimination, retaliation, or harassment that occurred before January 8, 2015.

If you find that any act against plaintiff occurred before that date, that act is time-barred, and you may not rely on it in determining your verdict on any claim.  Plaintiff may not recover based on that act, and plaintiff may not use that alleged act to support any claim for discrimination, retaliation, or harassment.

**NO. 21: DAMAGES**

After instructing you about plaintiff's claims, it is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff, you must determine the plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury or loss you find was caused by defendant.  You should consider the following:

1.  The nature and extent of any injuries;

2.  Any loss of enjoyment of life experienced; and

3.  Any mental, physical, and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**NO. 22: NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for plaintiff but you find that plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**NO. 23: MITIGATION**

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1.      That plaintiff failed to use reasonable efforts to mitigate damages; and

2.      The amount by which damages would have been mitigated.

**NO. 24: PUNITIVE DAMAGES**

If you find for plaintiff, you may, but are not required to, award him punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages. When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contention of the claim is true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You may award punitive damages only if you find that defendant's conduct that harmed plaintiff was malicious, oppressive or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if defendant's act in the face of a perceived risk that their actions will violate plaintiff's rights under federal law. An act or omission is oppressive if defendant injures or damages or otherwise violate the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than plaintiff.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

/////

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**NO. 25: DELIBERATIONS**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**NO. 26: DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**NO. 27: OUTSIDE INFORMATION**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone
> else communicate with you in any way about the merits of the case
> or anything to do with it. This includes discussing the case in person,
> in writing, by phone or electronic means, via email, text messaging,
> or any Internet chat room, blog, website or other feature. This applies
> to communicating with your family members, your employer, the
> media or press, and the people involved in the trial. If you are asked
> or approached in any way about your jury service or anything about
> this case, you must respond that you have been ordered not to discuss
> the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or
> commentary about the case or anything to do with it; do not do any
> research, such as consulting dictionaries, searching the Internet or
> using other reference materials; and do not make any investigation
> or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**NO. 28: COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

### NO. 29: RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.